Sealed
Public and unofficial staff access
to this instrument are
prohibited by court order

United States Courts
Southern District of Texas
FILED

*February 11, 2025*

Nathan Ochsner, Clerk of Court

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **Case No.** <u>24-00543-01/16-CR-H-KPE</u> |
| Plaintiff, | |
| v. | <u>**COUNT ONE**</u><br>*Racketeering Conspiracy*<br>18 U.S.C. §§ 1962(d) and 1963(a)<br>NMT 20 Years' Imprisonment<br>NMT $250,000 Fine<br>NMT Three Years' Supervised Release<br>Class C Felony |
| **(1) JOHN M. PFEFFER,**<br>**a/k/a "BIG JOHN,"** | |
| **(2) MICHAEL H. DUNPHY,**<br>**a/k/a "MONEY MIKE,"** | |
| **(3) DARVI HINOJOSA,**<br>**a/k/a "10 ROUND,"** | <u>**COUNTS TWO, EIGHT, ELEVEN, &**</u><br><u>**THIRTEEN**</u><br>*Assault in Aid of Racketeering Activity*<br>18 U.S.C. §§ 1959(a)(3) and 2<br>NMT 20 Years' Imprisonment<br>NMT $250,000 Fine<br>NMT Three Years' Supervised Release<br>Class C Felony |
| **(4) JOHN SBLENDORIO,**<br>**a/k/a "TECH9,"** | |
| **(5) BRADLEY RICKENBACKER,**<br>**a/k/a "DOLLA BILL,"** | |
| **(6) DAVID VARGAS,**<br>**a/k/a "BRAKE CHECK" and "FIRST**<br>**TIME,"** | <u>**COUNTS THREE, SEVEN, & TWELVE**</u><br>*Using, Carrying, Brandishing, Discharging, and*<br>*Possessing a Firearm During and*<br>*in Relation to a Crime of Violence*<br>18 U.S.C. §§ 924(c)(1)(A)(iii) and 2<br>NLT 10 Years' Imprisonment (*Consecutive*)<br>NMT Life Imprisonment<br>NMT $250,000 Fine<br>NMT Five Years' Supervised Release<br>Class A Felony |
| **(7) ROY GOMEZ,**<br>**a/k/a "REPO,"** | |
| **(8) CHRISTOPHER SANCHEZ,**<br>**a/k/a "MONSTER,"** | |
| **(9) MARKY BAKER,**<br>**a/k/a "GUERO,"** | <u>**COUNT FOUR**</u><br>*Murder in Aid of Racketeering Activity*<br>18 U.S.C. §§ 1959(a)(1) and 2<br>NLT Life Imprisonment<br>NMT Life Imprisonment or Death<br>NMT $250,000 Fine<br>NMT Five Years' Supervised Release<br>Class A Felony |
| **(10) RONNIE MCCABE,**<br>**a/k/a "MEATHEAD,"** | |
| **(11) BRANDON K. HANTZ,**<br>**a/k/a "LOCO" and "GUN DROP,"** | |
| **(12) SEAN G. CHRISTISON,**<br>**a/k/a "SKINMAN,"** | |

1

**(13) MARCEL LETT,**

and

**(14) JEREMY COX,**
**a/k/a "JD,"**

Defendants.

**COUNT FIVE**
*Using, Carrying, Brandishing, Discharging, and*
*Possessing a Firearm During and*
*in Relation to a Crime of Violence*
*Resulting in Death*
18 U.S.C. §§ 924(j)(1) and 2
NLT 10 Years' Imprisonment (*Consecutive*)
NMT Life Imprisonment or Death
NMT $250,000 Fine
NMT Five Years' Supervised Release
Class A Felony

**COUNTS SIX & TEN**
*Attempted Murder in Aid of*
*Racketeering Activity*
18 U.S.C. §§ 1959(a)(5) and 2
NMT 10 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNT NINE**
*Conspiracy to Commit Murder in Aid*
*of Racketeering Activity*
18 U.S.C. §§ 1959(a)(5) and 2
NMT 10 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNT FOURTEEN**
*Using, Carrying, Brandishing, and*
*Possessing a Firearm During and in*
*Relation to a Crime of Violence*
18 U.S.C. §§ 924(c)(1)(A)(ii) and 2
NLT 7 Years' Imprisonment (*Consecutive*)
NMT Life Imprisonment
NMT $250,000 Fine
NMT Five Years' Supervised Release
Class A Felony

**COUNT FIFTEEN**
*Felon in Possession of a Firearm*
18 U.S.C. §§ 922(g)(1) and 924(a)(8)
NMT 15 Years' Imprisonment

2

NMT $250,000 Fine
NMT 3 Years' Supervised Release
Class C Felony

**COUNT SIXTEEN**
*Conspiracy to Distribute Cocaine*
21 U.S.C. §§ 841(a)(1), (b)(1)(C), & 846
NMT 20 Years' Imprisonment
NMT $1,000,000 Fine
NLT Three Years' Supervised Release
Class C Felony

**COUNTS SEVENTEEN, EIGHTEEN, & NINETEEN**
*Possession with Intent to Distribute
and Distribution of Cocaine*
21 U.S.C. § 841(a)(1) & (b)(1)(C)
NMT 20 Years' Imprisonment
NMT $1,000,000 Fine
NLT Three Years' Supervised Release
Class C Felony

**COUNT TWENTY**
*Arson of a Building Used in Interstate
Commerce*
18 U.S.C. §§ 844(i) and 2
NLT 5 Years' Imprisonment
NMT 20 Years' Imprisonment
NMT $250,000 Fine
NMT Three Years' Supervised Release
Class C Felony

**COUNT TWENTY-ONE**
*Possession with Intent to
Distribute Cocaine*
21 U.S.C. § 841(a)(1) & (b)(1)(C)
NMT 20 Years' Imprisonment
NMT $1,000,000 Fine
NLT Three Years' Supervised Release
Class C Felony

**COUNT TWENTY-TWO**
*Possession of a Firearm in Furtherance of a
Drug Trafficking Crime*
18 U.S.C. § 924(c)(1)(A)

3

NLT 5 Years' Imprisonment (*Consecutive*)
NMT Life Imprisonment
NMT $250,000 Fine
NMT 5 Years' Supervised Release
Class A Felony

**FORFEITURE ALLEGATION**
18 U.S.C. §§ 1963 and 924(d)

$100 Special Assessment (Each Count)

## S U P E R S E D I N G   I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

| Defendant | Counts |
|---|---|
| **(1) John M. Pfeffer** | 1–3, 8, & FA |
| **(2) Michael H. Dunphy** | 1, 8, & FA |
| **(3) Darvi Hinojosa** | 1, 9–12,16–19, & FA |
| **(4) John Sblendorio** | 9–12 |
| **(5) Bradley Rickenbacker** | 1–3 & FA |
| **(6) David Vargas** | 4–7 |
| **(7) Roy Gomez** | 2–3 |
| **(8) Christopher Sanchez** | 1, 8, 13–15, & FA |
| **(9) Marky Baker** | 2–3 |
| **(10) Ronnie McCabe** | 2–3 |
| **(11) Brandon K. Hantz** | 1, 20, & FA |
| **(12) Sean G. Christison** | 21–22 & FA |
| **(13) Marcel Lett** | 2–3 |
| **(14) Jeremy Cox** | 2–3 |

## General Allegations

1.      At all times relevant to this Superseding Indictment, the defendants, **JOHN M. PFEFFER, a/k/a "Big John," MICHAEL H. DUNPHY, a/k/a "Money Mike," DARVI HINOJOSA, a/k/a "10 Round," JOHN SBLENDORIO, a/k/a "Tech9," BRADLEY RICKENBACKER, a/k/a "Dolla Bill," DAVID VARGAS, a/k/a "Brake Check"** and **"First Time," ROY GOMEZ, a/k/a "Repo," CHRISTOPHER SANCHEZ, a/k/a "Monster," MARKY BAKER, a/k/a "Pinche Güero"** and **"Guero," RONNIE MCCABE, a/k/a**

4

"Meathead," **BRANDON K. HANTZ, a/k/a "Loco"** and **"Gun Drop," SEAN G. CHRISTISON, a/k/a "Skinman," MARCELL LETT,** and **JEREMY COX, a/k/a "JD,"** together with others known and unknown to the Grand Jury, were members and associates of a criminal organization called the Bandidos Outlaw Motorcycle Gang, which engaged in, among other things, acts of violence, namely, acts involving murder, robbery, arson, narcotics distribution, and witness intimidation. At all relevant times, the Bandidos Outlaw Motorcycle Gang operated in the Southern District of Texas and elsewhere.

## The Enterprise

2.      At all times relevant to this Superseding Indictment, the Bandidos Outlaw Motorcycle Gang, including its leaders, members, associates, and prospects, constituted an "enterprise" as defined in Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact ("Bandidos OMG," "Bandidos," or "enterprise"). The enterprise constituted an ongoing organization whose leaders, members, associates, and prospects, functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Structure and Operation of the Bandidos OMG

3.      The Bandidos OMG is an "outlaw" motorcycle organization comprised of individual chapters located in various cities in Texas and elsewhere. The Bandidos OMG identifies itself as an outlaw motorcycle organization through the public display of the "1%" symbol. The "1%" symbol signifies that the membership of this organization has chosen to be part of the very small fraction of motorcycle-riders who defy legal conventionality and consider themselves "outlaws" or lawbreakers. The Bandidos OMG membership refers to itself as a 1% club.

4.      The Bandidos OMG is an international organization. The Bandidos OMG has approximately 175 or more chapters in at least 20 countries—including Mexico—on five continents, with approximately 107 chapters in the United States, including approximately 42 chapters in Texas. The Bandidos OMG membership is estimated at between 1,500 and 2,000 members in the United States with an additional estimated 1,000 to 1,500 abroad.

5.      The Bandidos OMG in the United States is a highly organized criminal organization that adheres to a hierarchical chain of command both nationally and locally. National officers are the most powerful and influential members of the enterprise. National officers comprise the National Chapter and include the National President, National Vice President, National Secretaries/Treasurers, National Sergeant at Arms and other National ranking officers in regions throughout the United States and other countries. In addition to the National Chapter, a Nomad Chapter is located throughout the United States. The Nomad Chapter works for the National Chapter and is involved in gathering intelligence for the Bandidos OMG and meeting with National officers to provide information that relates to the enterprise. Local chapters are organized according to geographic location. To become established, each local chapter must have at least five members and be approved by the National Chapter. The enterprise is operated through a strict chain of command. Each Bandidos OMG Chapter has a President, a Vice-President, a Secretary and/or Treasurer, and a Sergeant at Arms, along with members. Each officer has specific obligations to the enterprise.

6.      The Bandidos OMG is a closed organization. Allegiance to this organization and its fellow brothers is valued above all else. Bandidos OMG members are strictly prohibited from cooperating with law enforcement. Bandidos OMG members do not respect authority and have a disdain for the rules of society. Similarly, Bandidos OMG members will not permit any perceived

6

disrespect to any member by a non-member. Any person perceived to have disrespected or hurt a Bandidos OMG member faces potential retribution from the Bandidos OMG membership.

7.     The Bandidos OMG is selective about admitting individuals into the enterprise. There is a lengthy process, often lasting more than five years, before one can become a "full-patch" member, as defined below. This process is designed to guard against law enforcement infiltration into the enterprise. First, the prospective member is allowed to associate with enterprise members. After a period of time, the prospective member is identified as an official "hangaround." A "hangaround" can later become a "prospect," which begins the formal initiation period and requires sponsorship by a fully "patched" member. Prospects are obligated to do menial tasks for "patched" members. Ultimately, enterprise members vote on whether the "prospect" can become a full-patch member.

8.     An officially sanctioned Bandidos support club is a motorcycle club that wears a patch on their cut that says, "I support Bandidos Worldwide." A "cut" is a vest commonly made from leather or jean material depicting an affiliation with a specific OMG. Support clubs are expected to go to Bandido events, buy Bandido merchandise, or provide other financial support to Bandidos. Support club members are expected to assist a Bandido member if they see the Bandido involved in a fight. Support club members can be selected to prospect or become full-patch members.

9.     Other clubs which are friendly with the Bandidos but are not considered officially sanctioned support clubs wear different patches indicating their association with the Bandidos.

10.    Full-patch members are required to own a Harley Davidson motorcycle or facsimile and wear clothing with patches that symbolize the organization. These patches are commonly known as organization "colors." The color scheme for the Bandidos OMG patch utilizes red letters

on a gold (yellow) background. The colors consist of an upper patch (top rocker patch) that identifies the Bandidos OMG name, a center patch that contains the Bandidos OMG emblem (which they refer to as the "Fat Mexican"), and a bottom patch (bottom rocker patch) that designates the State in which the member's chapter is located. Full-patch members also wear a diamond-shaped "1%" patch. The "1%" symbol has become the symbol of the outlaw biker. Members who wear their Bandidos OMG "colors" do so with the authority of the Bandidos OMG. Members are required to wear their "colors" when riding their motorcycles and when attending a National Run or Bandidos OMG events.

11.    Bandidos OMG members are required to pay dues on a monthly basis. Support club members pay "donations" to the Bandidos OMG. These dues and donations are forwarded to the national leadership. Fines are also assessed on individual members at various times, with the proceeds being paid to the Bandidos OMG national leadership. The dues and fines help fund the continued operation of the enterprise and are used for a variety of purposes, including payment of expenses of the national leadership, covering funeral expenses of members, contributing to a legal defense fund for members arrested for enterprise-related crimes, and paying costs associated with planned trips or "runs."

12.    The Bandidos OMG claim Texas as their territory. In the state of Texas, the Bandidos OMG has ordered that no other motorcycle rider display on his clothing a "Texas" bottom rocker or a 1% patch without permission from the Bandidos OMG. Any person who wears a "Texas" bottom rocker or a 1% patch without permission is subject to assault or murder by the Bandidos OMG membership.

**Purposes of the Enterprise**

13.     The purposes of the Bandidos OMG enterprise included, but were not limited to, the following:

      a.     Preserving, protecting and enhancing the power, territory, reputation and profits of the Bandidos enterprise through the use of intimidation, destruction, violence, threats of violence, assault, murder, attempted murder, and robbery;

      b.     Promoting and enhancing the Bandidos enterprise and its members' and associates' activities, including, but not limited to, the commission of robbery, including the taking of property of rival motorcycle organizations, and other criminal activities, which enhances the status and prestige of the enterprise relative to other clubs;

      c.     Enriching the enterprise leaders and members from a variety of illegal activities, including, but not limited to the illegal trafficking of controlled substances;

      d.     Keeping victims, potential victims, potential informants and witnesses, and the public at large in fear of the Bandidos enterprise, and in fear of its members and associates, through intimidation, violence and threats of violence; and

      e.     Attacking and retaliating against rival gang members through acts of violence, including, but not limited to, acts involving murder and assault.

**Manner and Means of the Enterprise**

14.     The manner and means by which leaders, members, and associates of the Bandidos conducted and participated in the conduct of the affairs of the enterprise included, but were not limited to, the following:

a.      The leaders of the enterprise directed, sanctioned, approved and permitted other members, associates, and prospects of the enterprise to carry out criminal acts on behalf of the enterprise and in furtherance of the enterprise's goals and interests.

b.      Members and associates of the Bandidos enterprise committed, conspired to commit, and threatened to commit acts of violence, including murder, attempted murder, assault, arson, and intimidation to protect the enterprise's power, territory, reputation, and property.

c.      Members and associates of the Bandidos enterprise promoted a climate of fear through intimidation, violence, and threats of violence.

d.      Members and associates of the Bandidos enterprise used and threatened to use physical violence against various individuals, including rival motorcycle organization members.

e.      Members and associates of the Bandidos enterprise committed, and conspired to commit robbery, including robbery of property of rival motorcycle organizations.

f.      Members and associates of the Bandidos enterprise were financially enriched through the distribution of controlled substances, namely cocaine.

g.      Members and associates of the Bandidos enterprise used intimidation to dissuade other motorcycle organizations from associating with Bandidos rivals and to persuade those organizations to become Bandidos support clubs.

h.      Members and associates of the Bandidos enterprise traveled in interstate commerce, and used facilities in interstate commerce, to further the goals of the enterprise and achieve its purposes, including acts of violence.

i.      Members and associates of the Bandidos enterprise talked in code when communicating over the telephone to avoid law enforcement detection, and communication in person was always preferred.

j.      Members and associates of the Bandidos enterprise were forbidden from cooperating with law enforcement. Attorney's fees were paid for by the enterprise when members were arrested for club-related business and to ensure silence was maintained. If a member or associate was believed to be cooperating with law enforcement, that member or associate was subject to assault and/or expulsion from the enterprise.

## COUNT ONE
*(Racketeering Conspiracy)*

15.    Paragraphs One through Fourteen of this Superseding Indictment are incorporated and realleged as if fully set forth herein.

14.    Beginning on an unknown date, but no later than in or about 2019, and continuing through on or about the date of this Superseding Indictment, in the Southern District of Texas, and elsewhere, the defendants,

**JOHN M. PFEFFER, a/k/a "Big John,"**

**MICHAEL H. DUNPHY, a/k/a "Money Mike,"**

**DARVI HINOJOSA, a/k/a "10 Round,"**

**BRADLEY RICKENBACKER, a/k/a "Dolla Bill,"**

**CHRISTOPHER SANCHEZ, a/k/a "Monster,"** and

**BRANDON K. HANTZ, a/k/a "Loco" and "Gun Drop,"**

each being a person employed by and associated with the Bandidos OMG, an enterprise engaged in and the activities of which affected, interstate and foreign commerce, together with others

11

known and unknown to the Grand Jury, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Sections 1961(1) and (5) of Title 18, United States Code, which pattern of racketeering consisted of:

      a.  multiple acts involving:

            i.  murder, chargeable under Texas Penal Code, Sections 19.02, 7.01, 7.02, 15.01, and 15.02;

           ii.  robbery, chargeable under Texas Penal Code, Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02; and

         iii.  arson, chargeable under Texas Penal Code, Sections 28.02, 7.01, 7.02, 15.01, and 15.02; and

      b.  multiple offenses involving:

            i.  trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

15.    It was further a part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

**Overt Acts**

16.    In furtherance of the racketeering conspiracy, and to effect the objects and purposes thereof, the defendants, **JOHN M. PFEFFER, a/k/a "Big John," MICHAEL H. DUNPHY, a/k/a "Money Mike," DARVI HINOJOSA, a/k/a "10 Round," BRADLEY RICKENBACKER, a/k/a "Dolla Bill," CHRISTOPHER SANCHEZ, a/k/a "Monster,"** and

12

**BRANDON K. HANTZ, a/k/a "Loco"** and **"Gun Drop,"** together with others known and unknown to the Grand Jury, committed, and caused to be committed various overt acts within the Southern District of Texas and elsewhere, including but not limited to, the following:

Overt Act No. 1: In or about 2020, **DUNPHY** ordered Bandido members and associates to "smash on site," that is assault or kill any rival B*EAST member that a Bandido member or associate encountered.

Overt Act No. 2: On or about September 26, 2020, **PFEFFER** and **RICKENBACKER**, together with other known and unknown Bandidos members and associates, went to the Hawg Stop Bar and Grill in the Southern District of Texas.

Overt Act No. 3: On or about September 26, 2020, **PFEFFER**, together with other known and unknown Bandidos members and associates, assaulted and attempted to rob A.B.

Overt Act No. 4: On or about September 26, 2020, while **PFEFFER** and other Bandido members and associates assaulted and attempted to rob A.B., a Bandido OMG member known to the Grand Jury shot and killed A.B.

Overt Act No. 5: On or about September 26, 2020, **RICKENBACKER** prevented B*EAST member R.C. from assisting A.B.

Overt Act No. 6: On or about September 26, 2020, **RICKENBACKER** assaulted and robbed R.C.

Overt Act No. 7: On or about February 23, 2023, **PFEFFER, HINOJOSA, RICKENBACKER, DUNPHY, HANTZ,** and **SANCHEZ** went to a Bandidos OMG meeting with other Bandido OMG members and associates at the Bimboz Bar and Grill.

13

<u>Overt Act No. 8:</u> On or about February 23, 2023, **DUNPHY** told Bandido prospective members to "put their gloves on" and rough up any Greybeard Motorcycle Club ("MC") members who tried to leave Bimboz Bar and Grill.

<u>Overt Act No. 9:</u> On or about February 23, 2023, **PFEFFER** questioned Greybeard member P.A. about the Greybeard MC's loyalty to the Bandidos OMG.

<u>Overt Act No. 10:</u> On or about February 23, 2023, **PFEFFER, HINOJOSA, RICKENBACKER, DUNPHY, HANTZ,** and **SANCHEZ**, together with other known and unknown Bandido OMG members and associates, assaulted and aided and abetted the assault of 14 Greybeard MC members.

<u>Overt Act No. 11:</u> On or about February 23, 2023, **PFEFFER, HINOJOSA, RICKENBACKER, DUNPHY, HANTZ,** and **SANCHEZ**, together with other known and unknown Bandido OMG members and associates, robbed and aided and abetted the robbery of the Greybeard MC members.

<u>Overt Act No. 12:</u> In or about February or March 2023, Bandido OMG members sent around a photo of the Greybeard MC members' stolen cuts laid out on a garage floor.

<u>Overt Act No. 13:</u> On or about June 2, 2023, a prospective Bandido OMG member called **HINOJOSA** and told him that two B*EAST members were at Winters Bar.

<u>Overt Act No. 14:</u> On or about June 2, 2023, **HINOJOSA** exchanged phone calls with the prospective Bandido OMG member to get updates on the B*EAST members and their movements.

<u>Overt Act No. 15:</u> On or about June 2, 2023, to June 3, 2023, **HINOJOSA** exchanged phone calls with other Bandido OMG members and associates, including **Sblendorio**.

<u>Overt Act No. 16</u>: On or about June 3, 2023, **Sblendorio** drove a fellow Bandidos OMG member to the area of Winters Bar.

<u>Overt Act No. 17:</u> On or about June 3, 2023, just after 1:00 am, as N.B. was leaving Winters Bar in his B*EAST cut, **Sblendorio** drove up parallel to N.B. while a Bandido member in the car driven by **Sblendorio** shot N.B. seven times.

<u>Overt Act No. 18:</u> On or about June 4, 2023, **HINOJOSA** showed a prospective Bandido OMG member a photo of an individual in a hospital bed and said it was one of the B*EAST members from Winters.

<u>Overt Act No. 19:</u> On or about August 3, 2023, **HINOJOSA** gave a Bandido OMG prospective member a black saddle bag that would typically be carried on the side of a motorcycle. The black saddle bag contained baggies of cocaine, a digital scale, a partially loaded nine-millimeter magazine, loose ammunition, and a pill bottle displaying **HINOJOSA's** name in the black saddle bag.

<u>Overt Act No. 20:</u> On or about August 17, 2023, **SANCHEZ**, together with other Bandido OMG members and associates, arrived at the Harley Davidson Dealership located on Interstate Highway 45 South in The Woodlands, Texas.

<u>Overt Act No. 21:</u> On or about August 17, 2023, **SANCHEZ** was watching members of the Wheels of Soul OMG, a Bandidos OMG rival, at the Harley Davidson Dealership.

<u>Overt Act No. 22:</u> On or about August 17, 2023, **SANCHEZ** put a firearm against one of the Wheels of Soul OMG members' backs and threatened him.

<u>Overt Act No. 23:</u> On or about August 17, 2023, **SANCHEZ**, together with other Bandido OMG members and associates, assaulted and robbed two Wheels of Soul OMG members.

<u>Overt Act No. 24:</u> On October 1, 2023, **HINOJOSA** possessed cocaine.

15

<u>Overt Act No. 25:</u> On October 1, 2023, **HINOJOSA** distributed 6.85 grams of cocaine to a prospective Bandido OMG member.

<u>Overt Act No. 26:</u> On October 14, 2023, **HINOJOSA** possessed cocaine.

<u>Overt Act No. 27:</u> On October 14, 2023, **HINOJOSA** distributed one ounce of cocaine to a prospective Bandido OMG member, in exchange for $700.

<u>Overt Act No. 28:</u> On or about December 14, 2023, **HANTZ**, together with two Bandido OMG members and associates, drove to the County Line Icehouse located at 24750 Fort Road, Porter, Texas.

<u>Overt Act No. 29:</u> On or about December 14, 2023, **HANTZ**, together with two Bandido OMG members or associates, set fire to the County Line Icehouse using an accelerant mixture.

All in violation of Title 18, United States Code, Section 1962(d).

## <u>COUNT TWO</u>
*(Assault in Aid of Racketeering Activity)*

17.    Paragraphs One through Fourteen of this Superseding Indictment are incorporated and realleged as if fully set forth herein.

18.    The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

19.    On or about September 26, 2020, in the Southern District of Texas, the defendants,

**ROY GOMEZ, a/k/a "Repo,"**

**MARKY BAKER, a/k/a "Pinche Guero" and "Guero,"**

**JOHN M. PFEFFER, a/k/a "Big John,"**

**MARCEL LETT,**

**BRADLEY RICKENBACKER, a/k/a "Dolla Bill,"**

**RONNIE MCCABE, a/k/a "Meathead," and**

**JEREMY COX, a/k/a "JD,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos

OMG, an enterprise engaged in racketeering activity, with others known and unknown to the

Grand Jury, did knowingly and intentionally assault A.B. with a dangerous weapon, and did

knowingly and intentionally assault A.B., resulting in serious bodily injury, and aided and abetted

the same, in violation of Texas Penal Code, Sections 22.02(a)(1)–(2), 7.01, and 7.02, all in

violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT THREE
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm*
*During and in Relation to a Crime of Violence)*

20.    On or about September 26, 2020, in the Southern District of Texas, the defendants,

**ROY GOMEZ, a/k/a "Repo,"**

**MARKY BAKER, a/k/a "Pinche Guero" and "Guero,"**

**JOHN M. PFEFFER, a/k/a "Big John,"**

**MARCEL LETT,**

**BRADLEY RICKENBACKER, a/k/a "Dolla Bill,"**

**RONNIE MCCABE, a/k/a "Meathead," and**

**JEREMY COX, a/k/a "JD,"**

aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly

and intentionally use, carry, brandish, and discharge a firearm, during and in relation to a crime of

violence for which each may be prosecuted in a court of the United States, that is, assault in aid of

racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(3) and (2), as

set forth and charged in Count Two of this Superseding Indictment, all in violation of Title 18,

United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT FOUR
*(Murder in Aid of Racketeering Activity)*

21.    Paragraphs One through Fourteen of this Superseding Indictment are incorporated and realleged as if fully set forth herein.

22.    The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

23.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly murder M.Z., and did aid and abet the same, in violation of Texas Penal Code, Sections 19.02(b)(1), 7.01, and 7.02, all in violation of Title 18, United States Code, Sections 1959(a)(1) and 2.

## COUNT FIVE
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm*
*During and in Relation to a Crime of Violence Resulting in Death)*

24.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

and others known and unknown to the Grand Jury, did violate Title 18, United States Code, Sections 924(c), that is did unlawfully, knowingly, and intentionally use, carry, brandish and discharge a firearm during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, murder in aid of racketeering of M.Z., in violation of Title

18

18, United States Code, Sections 1959(a)(1) and (2), as charged in Count Four of this Superseding Indictment, which is incorporated herein, and in the course of committing said offense, did cause the death of M.Z. through the use of a firearm, which killing constituted murder, as defined in Title 18, United States Code, Section 1111, and did aid and abet the same, all in violation of Title 18, United States Code, Sections 924(j) and 2.

## COUNT SIX
*(Attempted Murder in Aid of Racketeering Activity)*

25.    Paragraphs One through Fourteen of this Superseding Indictment are incorporated and realleged as if fully set forth herein.

26.    The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02.

27.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly attempt to murder K.C. and D.M., and did aid and abet the same, in violation of Texas Penal Code, Sections 19.02(b)(1), 7.01, 7.02, and 15.01, all in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT SEVEN
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm*
*During and in Relation to a Crime of Violence)*

28.    On or about November 2, 2021, in the Southern District of Texas, the defendant,

19

**DAVID VARGAS, a/k/a "BRAKE CHECK" and "FIRST TIME,"**

while aided and abetted by others known and unknown to the Grand Jury, did knowingly and

intentionally use, carry, brandish, and discharge a firearm, during and in relation to a crime of

violence for which he may be prosecuted in a court of the United States, that is, attempted murder,

in violation of Title 18, United States Code, Sections 1959(a)(3) and (5), as set forth and charged

in Count Six of this Superseding Indictment, all in violation of Title 18, United States Code,

Sections 924(c)(1)(A)(iii) and 2.

## <u>COUNT EIGHT</u>
*(Assault in Aid of Racketeering Activity)*

29.    Paragraphs One through Fourteen of this Superseding Indictment are incorporated

and realleged as if fully set forth herein.

30.    The Bandidos OMG, through its leaders, members, associates, and prospects,

engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1)

and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections

29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas

Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving

trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841,

843(b), and 846.

31.    On or about February 23, 2023, in the Southern District of Texas, the defendants,

**MICHAEL H. DUNPHY, a/k/a "MONEY MIKE,"**

**JOHN M. PFEFFER, a/k/a "BIG JOHN,"** and

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos

OMG, an enterprise engaged in racketeering activity, with others known and unknown to the

Grand Jury, did knowingly and intentionally assault C.J. resulting in serious bodily injury, and

aided and abetted the same, in violation of Texas Penal Code, Sections 22.02(a)(1), 7.01, and 7.02,

all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT NINE
### *(Conspiracy to Commit Murder in Aid of Racketeering Activity)*

32.    Paragraphs One through Fourteen of this Superseding Indictment are incorporated

and realleged as if fully set forth herein.

33.    The Bandidos OMG, through its leaders, members, associates, and prospects

engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1)

and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections

29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas

Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving

trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841,

843(b), and 846.

34.    Beginning on an unknown date, but no later than on or about June 2, 2023, and

continuing through at least on or about June 4, 2023, in the Southern District of Texas and

elsewhere, the defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND,"** and

**JOHN SBLENDORIO, a/k/a "TECH9,"**

and other members and associates of the Bandidos OMG known and unknown to the Grand Jury,

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos

OMG, an enterprise engaged in racketeering activity, did knowingly and intentionally combine, conspire, confederate and agree together and with each other to murder N.B., in violation of Texas Penal Code Sections 19.02(b)(1) and 15.02, all in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT TEN
*(Attempted Murder in Aid of Racketeering Activity)*

35.     Paragraphs One through Fourteen of this Superseding Indictment are incorporated and realleged as if fully set forth herein.

36.     The Bandidos OMG, through its leaders, members, associates, and prospects, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

37.     On or about June 3, 2023, in the Southern District of Texas and elsewhere, the defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND,"** and

**JOHN SBLENDORIO, a/k/a "TECH9,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally attempt to murder N.B., and aided and abetted the

22

same, in violation of Texas Penal Code Sections 19.02(b)(1), 7.01, 7.02, and 15.01, all in violation of Title 18, United States Code, Sections 1959(a)(5) and 2.

## COUNT ELEVEN
*(Assault in Aid of Racketeering Activity)*

38.     Paragraphs One through Fourteen of this Superseding Indictment are incorporated and realleged as if fully set forth herein.

39.     The Bandidos OMG, through its leaders, members, associates and prospects, engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections 29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, and acts involving murder chargeable under Texas Penal Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

40.     On or about June 3, 2023, in the Southern District of Texas and elsewhere, the defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND,"** and

**JOHN SBLENDORIO, a/k/a "TECH9,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally assault N.B. with a dangerous weapon, and did knowingly and intentionally assault N.B. resulting in serious bodily injury, and aided and abetted the same, in violation of Texas Penal Code, Sections 22.02(a)(1)–(2), 7.01, and 7.02, all in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

23

## COUNT TWELVE
*(Using, Carrying, Brandishing, Discharging, and Possessing a Firearm
During and In Relation to a Crime of Violence)*

41.     On or about June 3, 2023, in the Southern District of Texas and elsewhere, the

defendants,

**DARVI HINOJOSA, a/k/a "10 ROUND,"** and

**JOHN SBLENDORIO, a/k/a "TECH9,"**

while aiding and abetting each other, did knowingly and intentionally use, carry, brandish, and

discharge a firearm during and in relation to a crime of violence for which each may be prosecuted

in a court of the United States, that is, attempted murder in aid of racketeering activity and assault

in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(3)

and (5) and Section 2, as set forth and charged in Counts Ten and Eleven of this Superseding

Indictment, all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.

## COUNT THIRTEEN
*(Assault in Aid of Racketeering Activity)*

42.     Paragraphs One through Fourteen of this Superseding Indictment are incorporated

and realleged as if fully set forth herein.

43.     The Bandidos OMG, through its leaders, members, associates, and prospects,

engaged in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1)

and 1961(1), namely multiple acts involving robbery chargeable under Texas Penal Code Sections

29.02, 29.03, 7.01, 7.02, 15.01, and 15.02, acts involving murder chargeable under Texas Penal

Code Sections 19.02, 7.01, 7.02, 15.01, and 15.02, and multiple offenses involving trafficking in

controlled substances, in violation of Title 21, United States Code, Sections 841, 843(b), and 846.

44.     On or about August 17, 2023, in the Southern District of Texas and elsewhere, the defendant,

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

for the purpose of gaining entrance to, and maintaining and increasing position in, the Bandidos OMG, an enterprise engaged in racketeering activity, with others known and unknown to the Grand Jury, did knowingly and intentionally assault D.W. with a dangerous weapon, and aided and abetted the same, in violation of Texas Penal Code, Sections 22.02(a)(2), 7.01, and 7.02.

All in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.

## COUNT FOURTEEN
*(Using, Carrying, Brandishing, and Possessing a Firearm*
*During and In Relation to a Crime of Violence)*

45.     On or about August 17, 2023, in the Southern District of Texas and elsewhere, the defendant,

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

did knowingly and intentionally use, carry, and brandish a firearm, that is, a handgun, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, that is, assault with a deadly weapon in aid of racketeering activity, in violation of Title 18, United States Code, Sections 1959(a)(3) and 2, as set forth and charged in Count Thirteen of this Superseding Indictment, all in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

## COUNT FIFTEEN
*(Felon in Possession of a Firearm)*

46.     On or about April 11, 2024, in the Southern District of Texas, the defendant,

**CHRISTOPHER SANCHEZ, a/k/a "MONSTER,"**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm, to wit: a Taurus brand, .38 special-caliber revolver bearing serial number ADC066622; a Kimber brand, .45-caliber handgun bearing serial number KU382331; and a Smith & Wesson brand, SD40VE model, .40-caliber handgun bearing serial number FYS0281, and said firearms had been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

## COUNT SIXTEEN
*(Conspiracy to Distribute Cocaine)*

47.    Beginning on an unknown date, but no later than on or about August 3, 2023, and continuing through at least on or about October 29, 2024, said dates being approximate, within the Southern District of Texas, and elsewhere, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally conspire and agree with others, both known and unknown to the Grand Jury, to possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C), all in violation of Title 21, United States Code, Section 846.

## COUNT SEVENTEEEN
*(Possession with Intent to Distribute and Distribution of Cocaine)*

48.    On or about August 3, 2023, in the Southern District of Texas, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric

isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT EIGHTEEN
*(Possession with Intent to Distribute and Distribution of Cocaine)*

49.    On or about October 1, 2023, in the Southern District of Texas, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT NINETEEN
*(Possession with Intent to Distribute and Distribution of Cocaine)*

50.    On or about October 14, 2023, in the Southern District of Texas, the defendant,

**DARVI HINOJOSA, a/k/a "10 ROUND,"**

did unlawfully, knowingly, and intentionally possess with the intent to distribute and distribute a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY
*(Arson of a Building Used in Interstate Commerce)*

51.    On or about December 14, 2023, in the Southern District of Texas, the defendant,

**BRANDON K. HANTZ, a/k/a "LOCO" and "GUN DROP,"**

while aided and abetted by others known to the Grand Jury, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire and explosive materials, the building at 24750

27

Ford Road, Porter, Texas, commonly known as the County Line Ice House, used in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT TWENTY-ONE
*(Possession with Intent to Distribute Cocaine)*

52.     On or about July 31, 2024, in the Southern District of Texas, the defendant,

**SEAN G. CHRISTISON, a/k/a "SKINMAN,"**

did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine, its salts, isomers and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-TWO
*(Possession of a Firearm in Furtherance of a Drug Trafficking Crime)*

53.     On or about July 31, 2024, in the Southern District of Texas, the defendant,

**SEAN G. CHRISTISON, a/k/a "SKINMAN,"**

did knowingly possess a firearm, that is, a Beretta, semi-automatic, .380-caliber handgun, in furtherance of a drug trafficking crime, namely, possession with the intent to distribute cocaine, as charged in Count Twenty-One of this Superseding Indictment, in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## FORFEITURE ALLEGATION

54.     The allegations contained in Count One of this Superseding Indictment are re-alleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963 and Title 21 United States Code, Section 853. Upon conviction of the offense charged in Count One of this Superseding Indictment, the defendants, **JOHN M. PFEFFER, a/k/a "Big John," MICHAEL H. DUNPHY, a/k/a "Money Mike," DARVI HINOJOSA, a/k/a "10 Round," BRADLEY**

**RICKENBACKER, a/k/a "Dolla Bill," CHRISTOPHER SANCHEZ, a/k/a "Monster,"** and

**BRANDON K. HANTZ, a/k/a "Loco"** and **"Gun Drop,"** shall forfeit to the United States of

America, pursuant to Title 18, United States Code, Section 1963 and Federal Rule of Criminal

Procedure 32.2:

      1.1.    any interest the defendant acquired or maintained in violation of Title 18,

United States Code, Section 1962, which interests are subject to forfeiture to the United

States pursuant to Title 18, United States Code, Section 1963(a)(1);

      1.2.    any interest in, security of, claim against, or  property or contractual rights

of any kind which afford a source of influence over, the enterprise named and described

herein, which the defendant established, operated, controlled, conducted, and participated

in the conduct of, in violation of Title 18, United States Code, Section 1962, which

interests, securities, claims, and rights are subject to forfeiture to the United States pursuant

to Title 18, United States Code, Section 1963(a)(2); and

      1.3.    any property constituting and derived from, proceeds obtained, directly and

indirectly, from aforesaid racketeering activity, in violation of Title 18, United States Code,

Section 1962, which property is subject to forfeiture to the United States pursuant to Title

18, United States Code, Section 1963(a)(3).

55.    The interests of the defendants subject to forfeiture to the United States pursuant to

Title 18, United States Code, Section 1963 include the amount of gross proceeds received by the

defendant derived from racketeering activities as alleged in Count One of this Information.

### <u>Substitute Assets</u>

56.    If any of the above-described forfeitable property, as a result of any act or omission

of the defendant:

1.4.    cannot be located upon the exercise of due diligence;

1.5.    has been transferred or sold to, or deposited with, a third party;

1.6.    has been placed beyond the jurisdiction of the Court;

1.7.    has been substantially diminished in value; or

1.8.    has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to

seek forfeiture of any other property of said defendant up to the value of the forfeitable property.

All in accordance with Title 18, United States Code, Section 1963.

57.    Moreover, the allegations contained in Counts 15 and 22 of this Superseding

Indictment are re-alleged and incorporated by reference as though set forth fully herein for the

purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section

924(d), and Title 28, United States Code, Section 2461(c).

58.    Upon conviction of the offense in violation of Title 18, United States Code,

Sections 922(g)(1) and 924(a)(8) set forth in Counts 15 and 22 of this Superseding Indictment, the

defendants, **CHRISTOPHER SANCHEZ, a.k.a. "MONSTER,** and **SEAN G. CHRISTISON,**

**a.k.a. "SKINMAN,"** shall forfeit to the United States pursuant to Title 18, United States Code,

Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition

involved or used in the commission of the offenses, including, but not limited to: a Taurus brand,

.38 special-caliber revolver bearing serial number ADC066622; a Kimber brand, .45-caliber

handgun bearing serial number KU382331; and a Smith & Wesson brand, SD40VE model, .40-

caliber handgun bearing serial number FYS0281, and associated ammunition, all seized from

**SANCHEZ** on or about April 11, 2024; and a Beretta, semi-automatic, .380-caliber handgun

bearing serial number E42872Y, and associated ammunition, all seized from **CHRISTISON** on or about July 31, 2024.

All in accordance with Title 18, United States Code, Section 924(d); Title 28, United States Code, Section 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

**A TRUE BILL.**

Original Signature on File

_____

**FOREPERSON OF THE GRAND JURY**

DATED: ___February 11, 2025___

Houston, Texas

**NICHOLAS J. GANJEI**
United States Attorney
Southern District of Texas


_____
Byron H. Black
Kelly Zenon-Matos
Assistant United States Attorneys
Southern District of Texas

_____
Grace Bowen
Christopher Taylor
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice